NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-569

JERRY DREGIN & GRETCHEN DREGIN

VERSUS

ROBERT LINCOLN DESOTO &

LORI LEJEUNE DESOTO

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 202010299
HONORABLE DAVID MICHAEL SMITH, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

SHANNON J. GREMILLION
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Charles G. Fitzgerald, Judges.

AFFIRMED.

**Gale J. Luquette**
**Jack Derrick Miller, A Professional Law Corporation**
**415 North parkerson Avenue**
**Crowley, LA 70527-1650**
**(337) 788-0768**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Robert Lincoln Desoto**
    **Lori Lejeune Desoto**

**Jerry Dregin**
**Gretchen Dregin**
**In Proper Person**
**154 Martha Lane**
**Crowley, LA 70526**
**(000) 000-0000**

**GREMILLION, Judge.**

Jerry and Gretchen Johnson Dregin appeal the dismissal of their petition for declaratory judgment seeking to quiet title to a parcel of land in Acadia Parish. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL POSTURE

Martha Lane is a cul-de-sac that intersects Louisiana Highway 98 north of Crowley, Louisiana. In late 2001, Eric Monceaux and Jackie Faulk Monceaux subdivided the land along Martha Lane and ordered a survey of the property. Lots ten through nineteen of the subdivision lie on the north side of Martha Lane and are bounded on the north by the meander of a drainage ditch.

On February 21, 2002, the Monceauxs sold the following property to Gretchen Michelle Johnson:

> That certain tract or parcel of ground designated as Lot 11 of Plat of Survey of Joseph G. Idler, Registered Land Surveyor, dated September 15, 2001, recorded in Conveyance Book R 58 at page 165, Original Act No. 695656, records of Acadia Parish, Louisiana, together with all buildings and improvements situated thereon containing 3.07 acres, more or less, located in Section Twenty-nine (29), Township Eight (8) South, Range One (1) East, Acadia Parish, Louisiana, being more particularly described as beginning at the Southeast corner of Section 29, thence North 0 degrees 12' 23" West 934.11 feet; thence South 0 degrees 00' 00" West 582.90 feet to the point of commencement; thence South 0 degrees 11' 10" East 557.78 feet; thence South 0 degrees 00' 00" West 231.57 feet; thence North 0 degrees 11' 10" West 652.57 feet; thence North 0 degrees 00' 00" East 57.4 feet; thence South 0 degrees 11' 10" East 98.96 feet; thence North 0 degrees 00' 00" East 174.29 feet to the point of beginning.

On April 18, 2002, the Monceauxs sold the following property to Robert Lincoln Desoto and Lori Mae Lejeune Desoto:

> That certain tract or parcel of ground designated as Lot 16 of Plat of Survey of Joseph G. Miller, Registered Land Surveyor, dated September 15, 2001, recorded at Conveyance Book R-58, Page 165, together with all buildings and improvements situated thereon containing 3.16 acres, more or less, located in Section Twenty-nine (29), Township Eight (8) South, Range One (1) East, Acadia Parish, Louisiana.

Both acts of sale contained reservations of utility and sewerage servitudes. The plat referenced in the property descriptions shows that the lots are bounded on the north by the northern side of a drainage ditch.

According to the petition they filed against the Desotos, the Dregins allege that on October 15, 2007, the Monceauxs sold them the following property:

> That certain tract or parcel of land, together with any and all buildings and improvements situated thereon, being 50 feet wide North and South by approximately 2,564 feet, more or less, East and West beginning at a point situated at the West Half (W/2) of Louisiana highway 98, thence Westward to the Northwest corner of Lot 19, said 50 feet strip being bounded on the South by the North boundary of that certain tract owned by Steven Ray Wilridge and Lots 11, 12, 13, 14, 15, 16, 17, 18 & 19 and on the North by the center line of a drainage ditch, all as referenced on the Plat of Survey prepared by Joseph G. Miller, Registered Land Surveyor, dated September 15, 2001, filed of record with the Acadia Parish Clerk of Court February 1, 2002, under Entry No. 695656, Conveyance Book R-58 at page 171.

The Dregins filed an "Action to Quiet Title" against the Desotos on April 9, 2020, in which they sought to avail themselves of the sale by the Monceauxs of this fifty-foot strip (henceforth, "the Property"). The Dregins acknowledged in their filing that the Desotos purchased Lot 16 prior to their purchase of the Property. The Dregins also referenced an act of renunciation the Monceauxs filed in 2009, which the Dregins alleged was fraudulent. Lastly, the Dregins alleged that the Desotos had removed a fence the Dregins erected within the property.

The Desotos responded with the exceptions of no cause of action, no right of action, nonjoinder of a party, and vagueness. The Desotos' exception of no cause of action asserted that the filing failed to state a claim for relief because 1) it alleged that the Desotos purchased Lot 16 before the Dregins purchased the Property, 2) the filing did not allege that the Monceauxs had reserved or possessed any ownership interest in the Property in their sale to the Desotos; and 3) the Desotos were not a party to the 2007 sale of the Property. In their exception of no right of action, the

2

Desotos asserted that the Dregins do not possess a right of action because there was no reservation of the Property by the Monceauxs when Lot 16 was sold to them in 2002. The Desotos also asserted, in their exception of nonjoinder, that the Dregins should have named the Monceauxs as defendants, as the Desotos were not a party to the allegedly fraudulent act of renunciation. Lastly, the Desotos asserted that the Dregins' allegations were so vague that they could not be adequately defended against. Sanctions pursuant to La.Code Civ.P. art. 863 were also demanded by the Desotos.

The Dregins responded with an "Action for Declaratory Judgment," in which they asserted that the plats clearly show that the boundaries of Lots 10 through 19 are actually the southern boundary of the drainage easement and not the northern boundary. Thus, the Monceauxs did own the Property. A hearing on the declaratory judgment was set for September 21, 2020.

The exceptions were heard on July 20, 2020. Following argument and the introduction of evidence, the trial court granted the exceptions of no cause of action and no right of action. The court's reasoning was that in the sale between the Monceauxs and the Desotos, there was no reservation of the Property by the Monceauxs. Judgment dismissing the Dregins' demands was signed on July 27, 2020. This appeal followed.

The Dregins assign as errors the dismissal of their action before all motions were heard as well as the propriety of the dismissal itself.

**ANALYSIS**

Laypersons who represent themselves are allowed more latitude in the scrutiny of their pleadings than litigants represented by counsel; yet they are still responsible for their lack of legal knowledge. *Gray v. State*, 05-617 (La.App. 3 Cir. 2/15/06), 923 So.2d 812.

3

Louisiana Code of Civil Procedure Article 681 provides that only a person having a real and actual interest may bring suit. The exception of no right of action "permits a defendant to challenge whether the plaintiff has such a real and actual interest in the suit and whether that plaintiff belongs to the class of persons to whom the law affords the cause of action asserted in the suit." *PetroQuest Energy, LLC v. Banks*, 16-516, p. 9 (La.App. 3 Cir. 12/14/16), 208 So.3d 543, 549. Pursuant to La.Code Civ.P. art. 931, parties are permitted to introduce evidence to support or oppose an exception of no right of action. Affirmative defenses are not properly asserted to maintain an exception of no right of action. *See Mason v. Kan. City S. Ry. Co.*, 00-208 (La.App. 4 Cir. 9/26/00), 769 So.2d 1249. Lastly, the burden of proof in an exception of no right of action rests with the mover. *Montgomery v. Lester*, 16-192 (La.App. 3 Cir. 9/28/16), 201 So.3d 966, *writ denied*, 16-1944 (La. 12/16/16), 212 So.3d 1173.

As noted above, the description of the sale between the Monceauxs and the Desotos references the Miller plat. The Miller plat depicts the northern boundaries of Lots 10 through 19 as the center of the drainage ditch. A survey prepared by Shawn MacMenamin, a Professional Land Surveyor from Lafayette, was also introduced. This survey, too, shows the north boundary line of the property as contiguous with the center of the drainage ditch. The act of sale between the Monceauxs and the Desotos was introduced, and it contains no reservation of the fifty-foot strip at issue.

"Sale is a contract whereby a person transfers ownership of a thing to another for a price." La.Civ.Code art. 2139. One cannot sell something over which one has no ownership. Further, "One who claims the ownership of an immovable against another in possession must prove that he has acquired ownership from a previous owner or by acquisitive prescription. If neither party is in possession, he need only

4

prove a better title." La.Civ.Code art. 531. Because Lot 16 contains the Property, the Monceauxs could not convey it to the Dregins; accordingly, we find that the trial court did not err in sustaining the Desotos' exception of no right of action. That a seller had no ownership interest to convey is not an affirmative defense to an action contesting ownership; that issue goes to the heart of the matter.

The Dregins contend that the trial court erred in dismissing their action prior to hearing their motion for declaratory judgment. The exception of no right of action measures whether a party has an actual interest in the action; if they do not have a right to pursue their suit, the Dregins have no right to have their motion for declaratory judgment heard.

Because we determine that the Dregins have no right of action against the Desotos regarding the Property, we need not address their other contentions. The judgment of the trial court maintaining the exception of no right of action is affirmed. All costs of this action are taxed to plaintiffs/appellants, Jerry Dregin and Gretchen Johnson Dregin.

**AFFIRMED.**